UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CRIMINAL NO. 04-93-KSF-04

UNITED STATES OF AMERICA                                           PLAINTIFF

VS.

BRENDA BURRUS                                                      DEFENDANT

## REPORT AND RECOMMENDATION

On June 13, 2013 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, BRENDA BURRUS show cause why her supervised release should not be revoked. The defendant was present in Court and represented by Derek Gordon and the United States was present through Assistant United States Attorney Kevin Dicken. The proceedings were recorded by official court reporter Cindy Oakes and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and this defendant has previously admitted to the violations set out in the February 26, 2013 original violation report and the March 7, 2013 addendum thereto, and the March 26, 2013 violation report.

After pleading guilty to Conspiracy to Distribute Methamphetamine, Burrus was sentenced on February 4, 2005 to sixty month imprisonment followed by a five year term of supervised release. Special conditions of her supervision included the following: 1) participate in a substance abuse treatment and submit to periodic drug/alcohol at the discretion of the probation officer; 2) participate in mental health treatment at the discretion of the probation officer. Defendant was ordered to pay a $100 special assessment fee which has been done and her term of supervised release began

1

October 3, 2008 with an expiration date of October 2, 2013. She now stands charged with the following violations:

**FEBRUARY 26, 2013 VIOLATION REPORT**

**VIOLATION #1: THE DEFENDANT SHALL NOT UNLAWFULLY POSSESS A CONTROLLED SUBSTANCE**.

During an unannounced home visit on February 5, 2013, defendant submitted to a urinalysis which was positive for oxycodone, hydrocodone, cocaine and benzodiazepines. She admitted to using cocaine on February 2, 2013 and stated that her brother provided her with 2 benzodiazepine pills following the death of her dog. However, it appears her dog died the first of January. The U.S. Probation Officer discovered that defendant was prescribed 120 oxycodone pills on January 24, 2013 and promethazine with cocaine on July 17, 2012.

**VIOLATION #2: DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE OR LOCAL CRIME.**

Cocaine is a Schedule II Controlled Substance and in the Sixth Circuit finding use is the equivalent of possession; simple possession of cocaine is a violation of KRS 218A.1415, Possession of a Controlled Substance in the First Degree, a Class D felony.

**MARCH 7, 2013 ADDENDUM**

**VIOLATION #3: THE DEFENDANT SHALL ANSWER TRUTHFULLY ALL INQUIRIES BY THE PROBATION OFFICER AND SUBMIT A TRUTHFUL AND COMPLETE WRITTEN REPORT WITHIN THE FIRST FIVE DAYS OF EACH MONTH.**

When the defendant tested positive for cocaine, she admitted having used with a friend, Greg Kelly. Burrus was directed to have no further contact with Mr. Kelly, but she later requested permission to contact because of their romantic relationship and indicated that the cocaine use was an isolated incident. When asked to provide Mr. Kelly's date of birth and/or social security number

for a background check, the defendant provided the name "Matthew Kelley" or "Matthew Kelly". Since this was not the original name provided, probation did further investigation and discovered that Burrus had given fraudulent information. Eventually Burrus advised that her friend's real name was Matthew Greg Kelly who the probation office indicates does not exist to its knowledge. The defendant finally admitted she had not been truthful because she did not wish to create anymore problems. Greg Kelly has a felony offense, Possession of a Controlled Substance: Cocaine in the Madison County Circuit Court.

### MARCH 26, 2013 VIOLATION REPORT

**VIOLATION # 1: THE DEFENDANT SHALL NOT UNLAWFULLY POSSESS A CONTROLLED SUBSTANCE.**

On March 18, 2013 Ms. Burrus reported to the probation office and submitted a urinalysis which yielded positive results for cocaine.

**VIOLATION #2: THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME.**

Cocaine is a Schedule II Controlled Substance, pursuant to the Controlled Substance Act. Due to the Sixth Circuit Court of Appeals' finding that use equals possession, simple possession of cocaine constitutes conduct that would result in a violation of KRS §218A.1415, Possession of a Controlled Substance in the First Degree, a Class D Felony.

The defendant's Sentencing Guideline range is 4-10 months and the United States has leniently requested four months incarceration with one year supervised release to follow. Defendant asks for immediate release claiming that she has learned her lesson from these latest infractions. Her behavior, however, indicates she has learned very little and has been less than forthright with her probation officer. Accordingly;

**IT IS RECOMMENDED**:

1. That the defendant be found to have violated the terms of her supervised release as set out above, and that the supervised release be revoked;

2. That the defendant, BRENDA BURRUS, be sentenced to the custody of the Attorney General for a period of **FOUR (4) MONTHS** with **ONE (1) YEAR** supervised release to follow.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within ten (10) days.** A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 19th day of June, 2013.

Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge